E-FILED
Thursday, 30 January, 2025 02:19:23 PM
Clerk, U.S. District Court, ILCD

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

CENTRAL District of ILLINOIS

UNITED STATES OF AMERICA
V.
BRETT MICHAEL BARTLETT

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 23-20023
USM Number: 61904-510
Peter J. Lynch
Defendant's Attorney

**Date of Original Judgment:** 11/27/2024
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

FILED
JAN 30 2025
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

**THE DEFENDANT:**

- ☑ pleaded guilty to count(s) 1-6
- ☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.
- ☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2 & 1343 | Wire Fraud | 8/20/2020 | 1 |
| 18 U.S.C. § 2 & 1343 | Wire Fraud | 2/28/2020 | 2 |
| 18 U.S.C. § 2 & 1343 | Wire Fraud | 3/31/2020 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/27/2025
Date of Imposition of Judgment

s/Colin S. Bruce
Signature of Judge

Colin S. Bruce U.S. District Judge
Name of Judge Title of Judge

1-30-25
Date

DEFENDANT: BRETT MICHAEL BARTLETT
CASE NUMBER: 23-20023

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2 & 1341 | Mail Fraud | 5/15/2020 | 4 |
| 15 U.S.C. § 78j(b) & 78ff | Securities Fraud | 6/8/2020 | 5 |
| 18 U.S.C. § 2, 1957 & 1956(i) | Money Laundering | 3/31/2020 | 6 |

DEFENDANT: BRETT MICHAEL BARTLETT
CASE NUMBER: 23-20023

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of

188 months. Said term shall consist of 188 months on each of Counts 1-5 and 120 months on Count 6, with all counts to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

1. It is recommended that the defendant serve his sentence in a facility as close to his family in Huntington Beach, California, as possible. 2. It is further recommended that he serve his sentence in a facility that will allow him to maximize his exposure to educational and vocational opportunities.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m ☐ p.m. on ______________ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑ before 2 p.m. on 2/25/2025 .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________ to ______________

at ______________ with a certified copy of this judgment.

______________
UNITED STATES MARSHAL

By ______________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRETT MICHAEL BARTLETT
CASE NUMBER: 23-20023

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years. Said term shall consist of 3 years on each of Counts 1-6 to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1. You shall not knowingly leave the federal judicial district in which you are approved to reside without the permission of the Court or probation officer.

2. You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency directed by the court or probation officer.

3. You shall follow the instructions of the probation officer as they relate to your conditions of supervision. You shall answer truthfully the questions of the probation officer as they relate to your conditions of supervision, subject to your right against self-incrimination.

4. You shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.

5. You shall permit a probation officer to visit him at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

6. You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

7. You shall not knowingly be present at places where you know controlled substances are illegally sold, used, distributed, or administered.

8. You shall not knowingly possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921(a)(4) or any object that you intend to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

9. You shall attempt to secure regular and lawful employment, unless excused by the probation office for schooling, training, or other acceptable reasons. The defendant shall keep the probation officer advised of any changes in his employment status.

10. As long as ordered restitution remains outstanding, you shall provide the U.S. Probation Office access to any requested financial information under your control, including your personal tax returns and, if applicable, your business tax returns.

## ADDITIONAL SUPERVISED RELEASE TERMS

11. As long as restitution obligation is outstanding, you shall not incur any new debts or open any additional lines of credit in excess of $500 without prior approval of the U.S. Probation Office.

12. You shall not obtain employment at any place where you will be involved in the management or handling of cash, credit, or aby other financial instruments, without prior approval of the Court and without disclosing information regarding your federal conviction to your employer.

DEFENDANT: BRETT MICHAEL BARTLETT
CASE NUMBER: 23-20023

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ | $ 24,115,185.58 |

☐ The determination of restitution is deferred until ____________ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Attached Sealed Spreadsheet of Payees | $24,115,185.58 | $24,115,185.58 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 24,115,185.58 | $ 24,115,185.58 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRETT MICHAEL BARTLETT
CASE NUMBER: 23-20023

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 24,115,785.58 due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Upon release from confinement, Bartlett shall make monthly payments of at least 50 percent of his disposable income per month during the entire term of supervised release or until the restitution obligation is paid in full. Interest is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached Final Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CR-20023 |
| | ) | |
| BRETT MICHAEL BARTLETT, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL ORDER OF FORFEITURE**

THIS MATTER coming before the Court on the Government's Motion for Entry of a Final Order of Forfeiture, the Court finds as follows:

1. On August 15, 2024, this Court entered an Amended Preliminary Order of Forfeiture (d/e 43) pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), incorporating by reference the provisions of Rule 32.2 of the Federal Rules of Criminal Procedure, based upon Defendant Brett Michael Bartlett's guilty plea and consent to forfeiture;

2. Commencing on August 17, 2024, and continuing for thirty days thereafter, the United States posted on an official government internet site (www.forfeiture.gov) notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with law and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property; and

3. This Court has been advised that no petitions or claims have been filed.

ACCORDINGLY, the Government's Motion for a Final Order of Forfeiture is GRANTED, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

A. All right, title, and interest in and to the following:

Lying and being situated in the 13th Civil District of Hickman County, Tennessee, as shown on plat filed in Plat Cabinet F, page 59, Register's Office, Hickman County, Tennessee and being more particularly bounded and described as shown on the Tax Books as a portion of Map 111, Parcel 023.00.

Being a parcel of land located in the Thirteenth Civil District of Hickman County, Tennessee, a portion of the Brian L. Henningsen and Debra L. Henningsen 77 acre tract recorded in Book 13, page 9283, bounded on the East by Henningsen and Parks, South and West by Burt, North by Humphrey, Allison, Atwood, and Page, and served by a 50-foot Easement to Grace Branch Road, said parcel being more particularly described as follows: Beginning at a point on the original Northerly boundary at the Southeast corner of Atwood and Southwest corner of Page's four-acre tract recorded in Deed Book 28, page 4521; thence, along the Southerly boundary of Page East 50.00 feet; thence, along a new division line South 14 deg. 42 min. West 1147.0 feet, more or less, to a point on the original Southerly boundary at the Northwest corner of Parks; thence, along the Westerly boundary of Parks South 02 deg. East 160 feet; South 10 deg. East 171 feet; South 11 deg. East 118 feet; South 06 deg. East 109 feet to a point at the Southeast corner of the herein described tract; thence, along the original Southerly boundary with Burt North 85 deg. West 521 feet; North 84 deg. West 148 feet; North 85 deg. West 261 feet; North 87 deg. West 277 feet; North 81 deg. West 174 feet to a point at the original Southwest corner; continuing with Burt North 06 deg. East 910 feet; North 08 deg. East 737 feet; North 05 deg. East 341 feet; North 07 deg. East 133 feet to a point at the original Northwest corner; thence, along the original Northerly boundary with Humphrey South 89 deg. 30 min. East 426 feet; South 79 deg. East 130.00 feet; continuing with Allison and Atwood South 11 deg. West 186 feet; South 07 deg. West 97 feet; South 05 deg. West 137 feet; South 02 deg. West 152 feet to a point at Atwood's Southwest corner; with the same Due East 268 feet; North 89 deg. East 163 feet; South 86 deg. East 195 feet; North 79 deg. East 192 feet to the beginning, containing 55 acres, more or less, according to the 77-acre deed description and a new division calculated by Boyd B. Gibbs, RLS #1598, 106 South Public Square, Centerville, Tennessee, dated August 16, 2018.

Being a portion of the property conveyed to Brian L. Henningsen and wife, Debra L. Henningsen by Deed of John D. Wood and wife, Beulah A. Wood, dated June 7, 2004 and recorded June 9, 2004 at 2:27 P.M. in Book 13, page 9283, Register's Office, Hickman County, Tennessee.

> Easement of ingress/egress recorded in Book 38, Page 2689, Register's office, Hickman County, Tennessee,

is hereby forfeited to the United States.

B. The United States, or its agents or representatives, is hereby authorized to dispose of said property in accordance with law.

DATE: January 24, 2025

*s/ Colin S. Bruce*
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE